# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **TERRENCE ROBINSON** <br>     FED. REG. #18408-018 <br> VS. <br><br> **WARDEN JOE P. YOUNG** | **CIVIL ACTION NO. 09-0963** <br><br> **SECTION P** <br><br> **JUDGE MELANÇON** <br><br> **MAGISTRATE JUDGE METHVIN** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Terrence Robinson filed the instant petition for writ of *habeas corpus* on June 11, 2009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO) and he complains that his religious rights have been denied because he is denied a diet appropriate to his Rastafarian beliefs. He prays for judgment "[d]eclcaring that the Respondent's actions violated the Petitioner's constitutional and statutory rights to freedom of religion..." and an injunction "[o]rdering the Respondent [to] remedy the violations..." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE.**

### *Facts, Law, and Analysis*

Petitioner is a BOP inmate incarcerated at the FCIO. He is an adherent of the Rastafarian religion and he contends that the Warden's refusal to honor his request to be placed on "Common Fare" (the certified processed food component of the Religious Diet Program) made available to

Muslims and Jews violates (1) his rights to freedom of religion as guaranteed by the First Amendment, (2) the provisions of the RFRA (the Religious Freedom Restoration Act of 1993, § 3(b), 42 U.S.C.A. § 2000bb-1(b)), (3) the RLUIPA (the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc), and, the Equal Protection Clause of the Fourteenth Amendment. He prays for declaratory judgment and injunctive relief, as outlined above, but invokes the Court's *habeas corpus* jurisdiction pursuant to the provisions of 28 U.S.C. §2241.

Petitioner can utilize *habeas corpus* proceedings only if he is challenging the <u>fact or duration of his confinement</u>. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.,2d 439 (1973); see also *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987). Put another way, if "a favorable determination would not automatically entitle [the prisoner] to accelerated release" he may not utilize *habeas corpus* procedures and must instead vindicate his rights through a properly filed civil rights proceeding. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997), quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996).

Attacks, such as this one, on conditions of confinement are not cognizable in a *habeas* petition. See *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994) ("The core issue in determining whether a prisoner must pursue *habeas corpus* relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement.") Petitioner's claims contest the conditions and not the fact or

duration of his confinement. Since success in this proceeding would not entitle petitioner to accelerated release, he is not entitled to relief pursuant to 28 U.S.C. §2241.

A *Bivens* civil rights action[1] provides the appropriate vehicle to attack these allegedly unconstitutional conditions of confinement. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir.1987); *Preiser*, 411 U.S. at 498, 93 S.Ct. at 1840-41. However, the undersigned is reluctant to construe the petition as asserting civil rights claims pursuant to *Bivens*. Allowing petitioner to prosecute this action based on the payment of the $5.00 *habeas corpus* filing fee instead of the $350.00 filing fee applicable to civil rights actions would allow petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act. Accordingly, petitioner's claims regarding the conditions of his confinement should be dismissed without prejudice to his ability to pursue such claims by filing the appropriate action.

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

---

[1] Since petitioner complains about the deprivation of rights at the hands of federal and not state actors, his cause of action would be authorized by *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on August 31, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)